STATE *v.* BROWN.

The statute (G. L., *c.* 133, *s.* 7) authorizing pharmacists lawfully
   registered to keep spirituous liquors for compounding their medicines,
   does not authorize them to sell such liquors to others to be com-
   pounded with medicines.

INDICTMENT, for selling a pint of spirituous liquor to one Gil-
man.   Marvin C. Brown, a registered pharmacist, kept a drug
store at Meredith.   The defendant was his assistant, and a silent
partner in the concern.   Gilman purchased of the defendant a
package of Vegetine powder, a well-known medicinal preparation,
and a pint of alcohol, which was to be added to the other material
after it had been boiled, according to the directions contained in
the recipe accompanying the package of Vegetine.   The alcohol
was an essential ingredient, and could not be added until the dry
material had been boiled a considerable time and had cooled.   The
alcohol was intended, and was, in fact, used for no other purpose
than to compound with the Vegetine in the manner described in
the recipe.   The seller understood that it was to be used for that
purpose, and no other.   The whole was included in one sale, and
no separate price was made for the Vegetine and the alcohol.   The
court instructed the jury that these facts constituted no defence,
and, the evidence being undisputed, directed the jury to return a
verdict of guilty; and the respondent excepted.

*Jewell & Stone,* for the respondent.

If Brown had boiled the dry ingredients of the package of Vegetine powder, and, after the liquid had cooled, added the alcohol, in his shop, he would have been no offender. Now the only difference between this transaction and the case before the court is the fact that the druggist, who probably had no facilities for boiling, gave the ingredients to the purchaser for that purpose, in good faith. The purpose of the sale would be the same in both cases, and the use of the alcohol exactly the same. The difference is too fine to turn an honest act into a crime, when the intention to violate the law is absent, and the entire spirit of the statute is strictly observed. When this alcohol was added according to the directions, it was no less the work of the druggist than if he had added it with his own hand. If the medicine was compounded according to the pharmacist's directions, the fact of whose hand actually put the materials together is not of the slightest consequence. It is as much his compound as if no other hand than his own had assisted. Acts of other parties, in the process of compounding under his directions, are his own, and whether they perform their work inside or outside the shop cannot be important, provided, as in this case, everything is done in good faith. The alcohol was not sold except as an essential ingredient of the Vegetine powder. The druggist had a right to sell all the materials for this well known medicinal preparation, and if the same was actually compounded, either by himself or by any one else under his direction, the acts are within the reasonable limits of G. L., *c.* 133, *s.* 7.

In this case the medicine was compounded in accordance with the recipe. It is claimed by the state, however, that although from beginning to end there was no criminal intent to violate the law, and no law has been violated in spirit, yet this man, by directing the purchaser to mix the materials, which he did, instead of doing the same thing with his own hand, has, without a thought of wrong, innocently made himself a criminal.

The decision of this case in favor of the respondent can furnish no dangerous precedent. If the druggist should make a sale of the same ingredients in bad faith, or even if the question of his good faith was in doubt because of the purchaser's failure to compound the mixture, or for any reason, this case would afford no precedent.

*B. A. Rogers,* Solicitor, for the state.

SMITH, J. The sale of spirituous or intoxicating liquors, except by an agent of a town, is forbidden by statute. G. L., *c.* 109, *s.* 13. But pharmacists, lawfully registered, may keep spirituous liquors for compounding their medicines. G. L., *c.* 133, *s.* 7. The right to keep spirituous liquors for a specific purpose undoubtedly

includes the right to sell the medicines so compounded. What the pharmacist himself may do, he may do by his servant or agent. But the statute nowhere confers the right upon the pharmacist to sell spirituous liquor before it is compounded with medicine, or to be compounded with medicine by the purchasers or others not his servants. The right to sell such liquors for the purpose of being compounded with medicines is not to be inferred from the right to keep them for the purpose of being so compounded. When the materials are delivered uncompounded, the vendor has no longer any control over them, the purchaser is under no legal obligation to mix the materials, and opportunities for defeating the object of the statute—the suppression of the sale of intoxicating liquors—are thereby increased.

Whether this is a case which the attorney-general ought to allow to go to judgment, is a question for him to consider.

*Exceptions overruled.*

Foster, J., did not sit: the others concurred.